**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| WILLIAM TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0052-K |
| | § | |
| VAYYAR IMAGING U.S. INC. f/k/a DELE HEALTH CARE TECH, INC. and BLUE CROSS/BLUE SHIELD INSURANCE CO., INC., | § § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Blue Cross and Blue Shield of Texas, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company's ("Blue Cross") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) and Brief in Support (the "Motion") (Doc. Nos. 10 & 11). *See* Doc. No. 8 at 1, n.1 ("[p]laintiff incorrectly named 'Blue Cross/Blue Shield Insurance Co., Inc.' in the Complaint. The correct name for the entity is 'Blue Cross and Blue Shield of Texas, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company.'"). Plaintiff did not file a response and the time to do so has long passed. Having carefully considered the Motion, Plaintiff's Original Complaint (Doc. No. 1), the relevant portions of the record, and the applicable law, the Court **GRANTS** the Motion.

## I. Factual Background.

Plaintiff William Taylor ("Plaintiff") began working for Dele Health Care Tech, Inc. ("Dele Health") in February of 2021. Compl. (Doc. No. 1) at 2, ¶7. Once Plaintiff was eligible, he enrolled himself and his family in Dele Health's employee healthcare plan offered through Blue Cross (the "Plan") and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* at 2, ¶8. Defendant Vayyar Imaging U.S. Inc. ("Vayyar") later acquired Dele Health. *Id.* at 3, ¶9. Vayyar then hired Total Administrative Service Corporation ("TASC") to administer the Plan, collect monthly premium payments from Vayyar's employees, and send those payments to Blue Cross. *Id.* at 3, ¶¶10–11. Plaintiff made consistent payments by mailing them to TASC's office in Wisconsin. *Id.* at 3, ¶12.

Vayyar later terminated Plaintiff's employment on September 11, 2023. *Id.* at 3, ¶13; 6, ¶34. Upon his termination, Plaintiff expressly stated to Vayyar that he wished to exercise his rights under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") and continue his health insurance coverage. *Id.* Plaintiff continued to pay the monthly premiums, which TASC accepted and sent to Blue Cross. *Id.* at 3, ¶14; 6 at ¶36.

In March of 2024, Plaintiff learned that Blue Cross no longer covered him. *Id.* at 3, ¶15. Plaintiff contacted TASC, who told Plaintiff that it had received his payments but did not disclose where the funds went. *Id.* at 3, ¶16. TASC then contacted Blue Cross and requested that Plaintiff be put back on the Plan, but Blue Cross did not do

so. *Id.* at 4, ¶¶18–19. Plaintiff alerted Vayyar that he no longer had coverage and asked about his status in the Plan. *Id.* at 4, ¶20. Plaintiff alleges that Vayyar falsely told him that he and his family would be placed back on the Plan. *Id.* at 4, ¶¶20–21. Plaintiff further alleges that, instead of placing him back on the Plan, Vayyar had retroactively terminated his coverage effective November 15, 2023. *Id.* at 4, ¶21. Plaintiff states that he did not know of his termination or that the termination took effect retroactively and alleges that Vayyar knowingly withheld that information. *Id.* at 4, ¶¶22–23. Plaintiff also alleges that TASC continued to accept his premium payments without notifying him of the termination. *Id.* at 4, ¶24. Plaintiff claims that Blue Cross is obligated to cover $31,750 for Plaintiff's medical expenses. *Id.* at 5, ¶26.

Plaintiff filed his Original Complaint against Defendants on January 8, 2025. He brings claims under ERISA, specifically (1) a claim against Vayyar for violation of 29 U.S.C. § 1140 and (2) claims against Vayyar and Blue Cross for violations of 29 U.S.C. §§ 1132(a)(1)(B) and 1161–66. *Id.* at 5–6, ¶¶27–32; 6, ¶¶33–40. Plaintiff never effectuated service on Vayyar, even after the Court granted an extension of time to serve Vayyar requested by Plaintiff. *See* Doc. No. 18 (April 28, 2025, order granting extension of time). As a result, the Court later dismissed Vayyar without prejudice pursuant to Federal Rule of Civil Procedure 4(m). *See* Doc. No. 22 (order dismissing Vayyar).

Blue Cross filed the present Motion on April 2, 2025. Plaintiff's initial deadline to respond to the Motion was April 23, 2025. The Court granted Plaintiff's Unopposed

Motion for Extension of Time to Respond to the Motion (Doc. No. 14) and reset the response deadline to April 30, 2025. Doc. No. 15. Plaintiff failed to meet that deadline. Then, almost one year later on March 31, 2026, the Court deferred ruling on the present Motion and provided Plaintiff until April 21, 2026, to file an amended complaint. Doc. No. 20 (March 31, 2026, order). In that order, the Court (1) expressly stated that "Defendant Blue Cross's arguments are well-taken," and (2) explicitly warned Plaintiff that, "[i]f Plaintiff fails to amend, the Court will construe Plaintiff's silence as indicating that he has pled his best case through his Original Complaint and the Court will determine the Motion without further delay." *Id.* Importantly, the Court also warned Plaintiff that, "[i]f the Court finds merit in the Motion, Plaintiff will not be provided another opportunity to amend." *Id.* (emphasis original). As of the date of this Order, Plaintiff has failed to file an amended complaint. Accordingly, the Court "will determine the Motion without further delay." *Id.*

## II. Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, the court must determine whether the plaintiff has sufficiently stated a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). The court must presume all well-pleaded facts in the complaint to be true and it must resolve any ambiguities or doubts regarding the sufficiency of the claims in plaintiff's favor. *Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (although the court must take as true all of the factual allegations in the complaint, it is not "bound" to accept as true a legal conclusion couched as a factual allegation.). In reviewing a Rule 12(b)(6) motion to dismiss, the court may only consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Kane Enters.*, 322 F.3d at 374 (plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal for failure to state a claim). If a plaintiff pleads facts which allow the court to reasonably infer that the defendant is liable for the alleged misconduct, the claim is facially plausible. *See Twombly*, 550 U.S. at 570. While facial plausibility is not a "probability requirement," it mandates "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 556 ("[f]actual allegations must be enough to raise a right to relief above the speculative level."). In other words, the alleged facts must nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679

(quoting FED. R. CIV. P. 8(a)(2)).

## III. Application of the Law

Blue Cross argues that (1) Plaintiff failed to identify the allegedly breached Plan terms or any disputed benefits claims, and (2) to the extent Plaintiff bases his claims against Blue Cross on Plaintiff's rights under COBRA, Blue Cross is not a proper defendant because it is not the Plan's administrator. Blue Cross also argues that, if the Court grants the Motion, Plaintiff has no right to attorneys' fees and costs under ERISA. Lastly, Blue Cross argues that, even if the Court denies the Motion, the Court should strike Plaintiff's requests for extracontractual damages, compensatory damages, punitive damages, and a jury trial, because these remedies are not available in an ERISA claim.

### A. Claim for Violation of ERISA

29 U.S.C. § 1132(a)(1)(B), part of ERISA, states that a civil action may be brought by a "participant" or "beneficiary" "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges that, even though he continued to pay monthly premiums after termination of his employment, the Plan no longer provided him coverage and Blue Cross knew it no longer covered Plaintiff. *See* Compl. 6–7, at ¶¶36, 39.

**1. Blue Cross's Argument**

In the Motion, Blue Cross argues that Plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B) is insufficient because "he does not identify any benefit claims at issue or *any section of the Plan that is breached*, which is required to state a claim under ERISA." Mot. to Dismiss at 9 (emphasis added). Specifically, Blue Cross argues that, to survive a motion to dismiss under Rule 12(b)(6), Plaintiff must raise "plausible allegations concerning the plan terms and the specific benefits claims at issue." *Id.* at 10. Further, Blue Cross argues that the Complaint does not raise plausible allegations because Plaintiff did not identify any specific terms of the Plan in the Complaint. *See id.* at 11.

**2. Alleged § 1132(a)(1)(B) Violation**

In his Complaint, Plaintiff does not provide any terms of the Plan itself. "[P]laintiffs alleging claims under 29 U.S.C. § 1132(a)(1)(B) for plan benefits need not necessarily identify the specific language of every plan provision at issue to survive a motion to dismiss under Rule 12(b)(6)." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 (5th Cir. 2018) (holding that plaintiff-hospital did not need to plead specific plan language when it tried and failed to obtain plan documents from the insurer); *see also Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009) ("[n]o matter how clever or diligent, ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences . . . [the court] must also take account of their limited access to crucial information."). However, even if an ERISA plaintiff is not required to plead

specific plan terms, plaintiff is not off the hook; it must still make sufficient factual allegations. *See Innova*, 892 F.3d at 729. The *Innova* court found that plaintiff-hospital's claim of "improper reimbursement" was plausible because it pleaded enough factual allegations, including "representative plan provisions," sufficient to "draw the reasonable inference that the defendant [was] liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff wholly fails to plead anything more than conclusory allegations. Plaintiff alleges that his coverage was terminated even though he continued to make premium payments, Blue Cross did not reinstate his coverage when requested, Vayyar made false statements to him regarding reinstatement of his coverage, and he now owes medical expenses that Blue Cross must cover. *See* Compl. at 3–7, ¶¶13, 15, 19, 20–21, 24–26, 37. However, Plaintiff provides no exhibits or additional detail in support of these allegations; he simply asserts them without anything more. He does not attempt to explain why Blue Cross chose not to reinstate his coverage when requested, nor does he attempt to detail the medical expenses he claims to now owe or the services those expenses relate to.

Further, Plaintiff fails to allege that he attempted to gain access to Plan terms or documents. In *Innova*, the plaintiff-hospital made numerous attempts to discover the plan documents at the center of the dispute. *See Innova,* 892 F.3d at 729. "It bears emphasizing that [Plaintiff] was unable to obtain plan documents even after good-faith efforts to do so." *Id.*; *see also Texienne Physicians Med. Ass'n, PLLC v. Health Care Serv.*

*Corp.*, Civ. Action No. 3:22-CV-0591-G, 2023 WL 2799726, at *5 (N.D. Tex. Apr. 4, 2023) (Fish, J.) ("[t]he *Innova* court repeatedly highlighted that the medical-provider plaintiff did not have access to the health care plans and pleaded that excuse."). While the Court does not go so far as to say that a showing of lack of access to plan documents is always required to avoid having to plead specific plan terms, it is abundantly clear that the inability to obtain plan documents, especially after requesting them from the insurer, is a highly important factual allegation in a § 1132(a)(1)(B) claim. *See Innova*, 892 F.3d at 729; *Texienne*, 2023 WL 2799726, at *5. Here, Plaintiff provides no Plan terms or reasons why he was unable to access them. Blue Cross argues that Plaintiff had "ready access to the Plan," but the Court lacks the benefit of a response to that statement. Mot. to Dismiss at 11. Further, Plaintiff does not even allege any representative plan provisions, a factual allegation that the *Innova* court considered significant. *See Innova*, 892 F.3d at 729.

For these reasons, Plaintiff fails to sufficiently state a claim under 29 U.S.C. § 1132(a)(1)(B). Therefore, the Court **GRANTS** the Motion as to this claim.

### B. Claim for Violation of Plaintiff's Rights Under COBRA

Plaintiff claims that Blue Cross violated 29 U.S.C. §§ 1161–66 because it "prevented Plaintiff from exercising his COBRA rights and caused Plaintiff and his family to lose coverage." Compl. at 7, ¶40. The provision applicable to Blue Cross here is 29 U.S.C. § 1166. Section 1166 requires that the "administrator" of a health plan "notify . . . in the case of a qualifying event [such as termination of employment] . . .

any qualified beneficiary with respect to such event . . . of such beneficiary's rights under this subsection." 29 U.S.C. § 1166(a)(4). Further, the administrator must give "notice to each [] qualified beneficiary of any termination of continuation coverage that takes effect earlier than the end of the maximum period of continuation coverage applicable to such qualifying event." 9 C.F.R. § 2590.606-4(d). An administrator that does not satisfy § 1166(a)(4) may, in the court's discretion, be personally liable to the beneficiary. *See* 29 U.S.C. § 1132(c)(1). However, "only a plan administrator can be held liable under § 1132(c)." *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 961 (6th Cir. 2001) (quoting *VanderKlok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 618 (6th Cir. 1992)). In other words, § 1132(c) applies to administrators that do not give notice of coverage termination to a "COBRA-covered former employee," such as Plaintiff here. *Hager v. DBG Partners, Inc.*, 903 F.3d 460, 470 (5th Cir. 2018).

The key to this claim is the term "administrator." Under ERISA, an administrator is "the person specifically so designated by the terms of the [plan] instrument," or "if an administrator is not so designated, the plan sponsor," which here is Vayyar, Plaintiff's employer. 29 U.S.C. § 1002(16). Plaintiff's claim against Blue Cross for violation of § 1166 fails based on Plaintiff's own allegations. Plaintiff, in no uncertain terms, alleges that TASC is the "Plan Administrator." Compl. at 6, ¶36. Plaintiff also alleges that Vayyar "retained [TASC] to be its Benefits Administrator" for the Plan. *Id.* at 3, ¶10. By Plaintiff's own words, Blue Cross is not the administrator of the Plan.

Since only an administrator may be liable under § 1132(c) for a violation of a beneficiary's rights under § 1166(a)(4), it is clear that Blue Cross is not the correct defendant for this claim. Therefore, the Court likewise **GRANTS** the Motion as to this claim.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Blue Cross's Motion. Because the Court gave Plaintiff an opportunity to amend and explicitly warned him that failure to timely file an amended complaint would foreclose any further opportunity to amend if the Court finds merit in the Motion (which it does), the Court hereby **DISMISSES WITH PREJUDICE** Plaintiff's claims against Blue Cross. The Court declines to rule on Blue Cross's argument regarding attorneys' fees as it is not necessary in light of the Court's ruling herein.

The Court need not address Blue Cross's alternative motion to strike in light of the Court's ruling on the Motion. Therefore, the alternative motion to strike is **DENIED AS MOOT**.

**SO ORDERED.**

Signed August 25th, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE